UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD STAMOULIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-419WES |
| | : | |
| OCEAN REALTY PARTNERS, LLC, et al., | : | |
|     Defendants. | : | |

**SUA SPONTE REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 12, 2023, this case[1] was removed from the Massachusetts Superior Court (Worcester) by *pro se* Defendant Nicholas Fiorillo, purporting to act in a representative capacity for a limited liability company in which he has a membership interest (Defendant Ocean Realty Partners, LLC).[2] ECF No. 1. Having reviewed the notice of removal and the accompanying state court pleadings, I make the *sua sponte* findings that Mr. Fiorillo is not a party and lacks standing to remove this case, that the removal is untimely and that this Court lacks subject matter jurisdiction; therefore, I make the *sua sponte* recommendation[3] that the Court order that this case

---

[1] This case has been pending in the Worcester County Superior Court of the Commonwealth of Massachusetts. In that court, it is captioned as Stamoulis v. Ocean Realty Partners, LLC, Louis Delpidio, as Trustee of the 63 TN Beach House Trust, and Ocean Vacations, LLC, and is designated as 20CV1210D. 1-1 at 2.

[2] As a *pro se* individual, Mr. Fiorillo can act for himself, but is barred from acting in a representative capacity for Plaintiff Ocean Realty Partners LLC. See DRI LR Gen 205(a); e.g., Carr v. Barton Gilman, LLP, C.A. No. 23-00369-WES, 2023 WL 5929771, at *1 (D.R.I. Sept. 12, 2023) (based on DRI LR Gen 205(a), *pro se* plaintiff is ineligible to represent business he owns as sole proprietor); W. Rsrv. Life Assurance Co. of Ohio v. Caramadre, C.A. No. 09-470 WES, 2020 WL 5665139, at *2 (D.R.I. Sept. 23, 2020) (per DRI LR Gen 205(a)(3), limited liability company may not represent itself *pro se,* nor may its claims be asserted by disbarred attorney); Beaudreault v. ADF, Inc., 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (limited liability company must be represented by attorney; it may not appear *pro se*).

[3] As with the other cases removed by Mr. Fiorillo, despite the lack of subject matter jurisdiction, I am issuing a report and recommendation. See BSI 254 Westfield, LLC v. Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *1 n.1 (D.R.I. Oct. 6, 2023).

be remanded forthwith.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (D. Mass. 2009) (prior to expiration of the thirty-day time period for motion to remand, court may *sua sponte* remand based on procedural defects).  Because of the egregiousness of Mr. Fiorillo's conduct in this case and others, I further order that Mr. Fiorillo must show cause in writing why his conduct in removing this case and others to this Court should not be sanctioned and why he should not be enjoined from continuing such conduct.

I.      **Background**

The underlying state court case was filed in the Massachusetts Superior Court (Worcester) on November 2, 2020, almost three years before the purported removal on October 12, 2023.  ECF No. 1-1 at 2.  According to a decision by that court, Mr. Fiorillo's limited liability company was served as early as December 3, 2020.  ECF No. 1-1 at 115.  By December 14, 2022, Mr. Fiorillo's limited liability company was appearing in the state court case through counsel.  See ECF No. 1-1 at 114.  On the face of the complaint, the case is based on Massachusetts state law (breach of a contract, unjust enrichment and fraudulent transfers pursuant to Mass. Gen. Laws ch. 109A, with the addition by amendment of claims under Mass. Gen. Laws ch. 93A and for breach of the covenant of good faith and fair dealing).  ECF No. 1-1 at 2, 93.  It is between a Massachusetts resident and presumptive citizen (Mr. Stamoulis) and a Massachusetts limited liability company in which Mr. Fiorillo (who is a resident and presumptively a citizen of Massachusetts) is a member, as well as another Massachusetts limited liability company (whose members are not disclosed, although Mr. Fiorillo is a manager) and the

trustee of a Massachusetts trust[4] who is a resident and presumptive citizen of Massachusetts. ECF Nos. 1; 1-1; 1-2. Mr. Fiorillo is not a party in the case. Nothing in the pleading or the removal notice suggests that there is complete diversity of citizenship. There are no claims arising from the Constitution, laws or treaties of the United States. There are no claims of race discrimination or that Mr. Fiorillo is a government official compelled by state law to violate civil rights.

In another case removed to this Court by Mr. Fiorillo, the Court issued the following caution:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

Delpidio v. Fiorillo, 23-cv-349WES, Text Order of Aug. 29, 2023. Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and removed this case to the District of Rhode Island from a Massachusetts state court.

## II.   Applicable Law and Analysis

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Based on this bedrock principle, this case cannot proceed in this Court because the removal notice was filed by Mr. Fiorillo who is not a party; because he lacks standing, the case must be promptly remanded. The other threshold question that must be considered for every removed case is whether there is

---

[4] The citizenship of a trust for purposes of diversity jurisdiction generally is derived from the citizenship of the trustee. See DMB Fin. LLC v. Symple Lending LLC, Civil Action No. CV 21-12065-FDS, 2022 WL 16573978, at *1 (D. Mass. May 3, 2022) (citizenship of trustee and sometimes beneficiaries or both is pertinent to citizenship of trust); U.S. Bank Trust, N.A., for LSF9 Master Participation Tr. v. Dedoming, 308 F. Supp. 3d 579, 580 (D. Mass. 2018) (generally citizenship of trustee is controlling for purposes of diversity analysis).

federal subject matter jurisdiction.  <u>Rhode Island v. Smart Green Solar, LLC</u>, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023); <u>Deaton v. Johnson</u>, C.A. No. 20-78WES, 2020 WL 4673834, at *5 (D.R.I. Aug. 12, 2020).  The party seeking to remove a case to federal court must shoulder the burden of demonstrating the existence of federal jurisdiction.  <u>Cardillo v. Cardillo</u>, 360 F. Supp. 2d 402, 414 (D.R.I. 2005).  "The removal statute, moreover, should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action."  <u>Id.</u> (internal quotation marks omitted).  In addition to federal subject matter jurisdiction, to sustain a state court case in federal court based on removal pursuant to 28 U.S.C. § 1441 or § 1443, the party seeking to remove must establish and must meet the statutory prerequisites to removal in § 1441(a) and § 1443, as well as the procedural requirements in § 1446.

      For § 1441 removal, the case must be a civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  That is, the case is removable based on diversity of citizenship if the party alignment and amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332(a), as long as no defendant is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b)(2); <u>Spitalny v. Fiorillo</u>, 579 F. Supp. 3d 265, 268 (D. Mass. 2022), <u>appeal dismissed</u>, No. 23-1090, 2023 WL 4748187 (1st Cir. 2023).  Also removable are cases that include a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331.  28 U.S.C. § 1441(c).  Unless the case properly invokes federal subject matter jurisdiction based either on § 1331 or § 1332, it may not be removed to federal court pursuant to § 1441.  <u>Smart Green Solar, LLC</u>, 2023 WL 6276571, at *1.  The "original jurisdiction" requirement is essential for the federal court to have subject matter jurisdiction over the removed case and simply mentioning a federal issue is insufficient to

create federal subject-matter jurisdiction.  Id.; Raymond C. Green Tr. v. Fiorillo, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022).  "As a matter of common practice, a district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable federal claim."  BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997).  "'[T]he assertion of a federal claim by a defendant in its notice of removal cannot support the exercise of federal question jurisdiction.'"  Raymond C. Green Tr., 2022 WL 16857197, at *1 (quoting Watson v. Toure, Civil No. 20-10349-PBS, 2020 WL 837360, at *2 (D. Mass. Feb. 20, 2020)).

Section 1441 removal of this case fails because this Court lacks subject matter jurisdiction in that it is plain from the face of the underlying complaint that no federal court (that is, neither the District of Massachusetts nor the District of Rhode Island) would have had "original jurisdiction" over this case.  Spitalny, 579 F. Supp. 3d at 268.  For this reason, to the extent that Mr. Fiorillo relies on § 1441(a), this Court lacks subject matter jurisdiction and remand is required pursuant to 28 U.S.C. § 1447(c).  Raymond C. Green Tr., 2022 WL 16857197, at *1.

For § 1443 removal, the case must be a civil action or a criminal proceeding against a defendant who has been denied and cannot enforce his/her constitutional right of equal protection in the state court.  28 U.S.C. § 1443; see Raymond C. Green Tr., 2022 WL 16857197, at *1-2 (remanding state court eviction action removed by Mr. Fiorillo pursuant to § 1443).  That statute provides:

> Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

5

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Under the first subpart, "[t]he Supreme Court has construed this statutory language as being limited to 'any law providing for specific civil rights stated in terms of racial equality.'" Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see Imasuen v. Winn Prop. Mgt., Civil Action No. 13-13204-DPW, 2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013) (removed summary process case subject to remand where first subpart did not apply). That is, the removing defendant must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality," as well as that he has been "denied or cannot enforce" the specific civil rights in state court. Parris v. Parris, Civil Action No. 4:17-CV-504, 2017 WL 5184567, at *3 (E.D. Tex. Nov. 9, 2017) (internal quotation marks omitted). As to the second subpart, "[r]emoval pursuant to § 1443(2) is 'available only to federal officers and to persons assisting such officers in the performance of their official duties.'" Nickerson-Malpher v. Wells Fargo Bank, C.A. No. 10-1033-JLT, 2010 WL 3069950, at *3 (D. Mass. Aug. 3, 2010) (quoting City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966)); see Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023), cert denied, ___ S. Ct. ___, 2023 WL 6378762 (Oct. 2, 2023) (§ 1443(2) applies only to federal officers, state officers, and those assisting them in the performance of their official duties). Section 1443 has been interpreted narrowly by the Supreme Court, which holds that it applies only "in the rare situations where it can be clearly predicted by

reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, 384 U.S. at 828. Nothing in the underlying complaint or Mr. Fiorillo's notice of removal establishes racial equality allegations or that the case implicates Mr. Fiorillo's role as a federal/state officer or a person assisting such officers. See Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, 3:22-cv-1331 (KAD), 2022 WL 17496224, at *1-2 (D. Conn. Dec. 8, 2022) (noting defects in Fiorillo's § 1443 petition and remanding case). Therefore, removal is not available under § 1443, there is no federal subject matter jurisdiction and the case must be remanded.

Whether brought under § 1441 or § 1443, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending. 28 U.S.C. §§ 1441, 1446. If the case is otherwise properly removable, the court could transfer venue to the proper district or remand the case back to state court. See Texas. Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-cv-01563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023). However, where, as here, standing and federal subject matter jurisdiction are both lacking, a venue transfer is not appropriate and the federal court in a district that is not the proper venue should remand the case back to the state court for further proceedings. I recommend that the matter be summarily remanded based on the improper venue.

An additional reason why Mr. Fiorillo's attempted removal of this case is fatally defective is his disregard of the timeliness requirement in § 1446(b)(1). This mandatory statutory provision applies to removals under both § 1441 and § 1443 and requires that the removal notice must be filed within thirty days after receipt by the defendant of a copy of the pleading setting forth the claim for relief on which the removal is based; an untimely removal is subject to

remand. Aroostook Cnty. Fed. Sav. & Loan v. Marrett, No. 1:23-cv-00006-JAW, 2023 WL 2868144, at *3 (D. Me. Apr. 10, 2023) (failure to file removal within thirty-day period in § 1446(b)(1) means litigant has "lost the option of federal court") (internal quotation marks omitted); Wells Fargo Bank, N.A. as Tr. for Holders of First Franklin Loan Tr. v. Cabacoff, Civil No. 17-cv-39-JL, 2017 WL 4217329, at *1 (D.N.H. May 26, 2017) ("30-day time limit is construed strictly"; "[b]ecause the defendants' removal is untimely, the court GRANTS the plaintiff's motion to remand"). I find that Mr. Fiorillo's purported removal of this case is well more than two years late. For this additional and alternative reason, the Court should order that this case be summarily remanded.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. BP p.l.c. v. Mayor and City Council of Baltimore, 593 U.S. ___, 141 S. Ct. 1532, 1538, 1542-43 (2021) (pursuant to § 1447(d), remand of case removed pursuant to § 1443 is appealable). Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals." Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021). With no standing or subject matter jurisdiction, I do not recommend that the Court follow this procedure. Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay or interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further. I recommend that the Court order that this case be remanded forthwith to the Massachusetts Superior Court (Worcester) for further proceedings.

### III.  Show Cause Regarding Sanctions and Injunction

The vexatious nature of Mr. Fiorillo's conduct in removing cases has been the subject of an injunction and a fee award. Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1, 2-3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; awarding sanctions and entering injunction to "curb [Mr. Fiorillo's] vexatious or abusive litigation conduct"), aff'd, No. 23-1583 (1st Cir. July 18, 2023). In such circumstances, the district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted). A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior." Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023). Courts can sanction *pro se* litigants. Siri v. Town of Hingham, ___ F. Supp. 3d ___, Civil Action No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282, at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL 1133220, at *1 & n.2 (S.D. Ohio Apr. 27, 2006) (*pro se* has "no license to

harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets") (internal quotation marks omitted). Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest. Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks omitted), appeal dismissed, Nos. 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018); see Fiorillo v. Spitalny, Civil Action No. 22-CV-12135-AK, 2023 WL 131409, at *3 (D. Mass. Jan. 9, 2023) (court's use of resources to address Fiorillo's meritless notices of removal do not promote interests of justice). The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before monetary sanctions are imposed. United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013). The Supreme Court has specifically counseled that the remedy for a frivolous assertion that § 1443 applies is sanctions. BP p.l.c., 141 S. Ct. at 1542-43.

In seeking to remove this case and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct. First, he has acted in a case in which he is not a party, in which this Court lacks federal subject matter jurisdiction and which he removed in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts. Further, Mr. Fiorillo has burdened this Court with at least eight other purported removals, almost all of which appear to be without subject matter jurisdiction, at least four of which appear to be in defiance of remand orders issued in the District of Massachusetts. Further, more than eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a

judicial officer and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court.  Finally, some or all of Mr. Fiorillo's filings in this Court may be in defiance of the injunction entered in Raymond C. Green, Inc. Tr., 2023 WL 4347330, at *3.  Also pertinent is that Mr. Fiorillo has repeatedly been cautioned about his abusive and vexatious conduct.  E.g., Delpidio as Tr., 2023 WL 4373912, at *1 ("proceeding *pro se* does not exempt [Mr. Fiorillo] from sanctions for frivolous or abusive conduct"); Fiorillo, 2023 WL 131409, at *3 ("Fiorillo is warned that he could be enjoined from filing further actions in this Court absent permission from a judge of this Court, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court").

Mindful of Mr. Fiorillo's right to notice and an opportunity to be heard before imposing inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing this case to this Court and the other conduct described above should not be sanctioned pursuant the Court's inherent power and why he should not be enjoined from continuing the conduct described above in this and other cases.  Further, because it is focused on Mr. Fiorillo's conduct and its impact on this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate text order that is issuing today.  Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue.

## IV.    Conclusion

Based on the foregoing, I recommend that this case be remanded forthwith to the Massachusetts Superior Court (Worcester) for further proceedings.  Pursuant to 28 U.S.C. § 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court.  Any objection to this report and recommendation

must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the text order and hearing notice that are issuing today in this case, I order that Mr. Fiorillo must to respond and to show cause in a writing that must be filed on or before November 3, 2023, why his conduct in removing this case to this Court and as further described in this decision should not be sanctioned pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing such conduct. On November 13, 2023, at 10 a.m., the Court will conduct a hearing to consider these issues at which Mr. Fiorillo is ordered to appear.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2023